978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Irene PACHECO, Plaintiff-Appellant,
v.
STATE OF KANSAS DEPARTMENT OF SOCIAL REHABILITATION
SERVICES; Peggy Wolfe; Carol Rittmayer,
Defendants-Appellees.
 No. 92-3210.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. Irene Pacheco Suarez (Plaintiff) appeals the trial court's grant of summary judgment to Defendants. We affirm.
 
 
 3
 Plaintiff instituted this action pro se claiming her job "duties were taken away and given to two part-time girls to learn, harassment, and mental anguish [and] humiliation" because of her race (Hispanic). The trial court subsequently appointed three successive counsel for Plaintiff and each resigned, the latter two claiming they could not certify the complaint was well grounded in fact or law. Plaintiff has therefore proceeded pro se.
 
 
 4
 Following discovery, Defendants filed a motion for summary judgment supported by evidentiary materials showing Plaintiff was an unsatisfactory employee who was slow to learn, needed to be told how to perform tasks repeatedly, had very poor work performance, and had voluntarily resigned to take a better, higher-paying job.
 
 
 5
 Plaintiff responded with a litany of complaints surrounding her employment, such as being asked for a doctor's excuse following sick leave, unsatisfactory work evaluations, and other unfavorable work assignments. In short, Plaintiff responded with incidents of what she perceived to be demeaning work experiences.
 
 
 6
 The trial court prepared and filed a thorough, eight-page Memorandum and Order reviewing the undisputed facts concluding Plaintiff had failed to establish a prima facie case of discrimination. Specifically, the trial court stated in part:
 
 
 7
 Although plaintiff claims that she was the victim of disparate treatment because she is Hispanic in that she was given unfavorable work assignments, given a poor evaluation, demoted, had equipment taken from her, and made to give a doctor's statement to support an absence, she has failed to establish that similarly situated non-Hispanic employees were treated differently than she. Moreover, the court concludes that even if a prima facie case can be found defendants have articulated legitimate, nondiscriminatory reasons for their conduct, which plaintiff has failed to show were pretexts for illegal discrimination. Accordingly, defendants are entitled to summary judgment on plaintiff's disparate treatment claims.
 
 
 8
 Memorandum and Order at 6.
 
 
 9
 Plaintiff appeals this decision in a thirty-two-page pro se brief which, while difficult to characterize accurately or summarize, maintains her employer treated her unfairly and in a demeaning fashion. Plaintiff concludes she must have been treated in such a fashion because she is Hispanic.
 
 
 10
 Discrimination can seldom be shown by direct evidence. Recognizing this fact, the Supreme Court has allowed plaintiffs to prove discrimination by showing that similarly situated non-Hispanics were treated differently. Plaintiff, while maintaining she is a victim of discrimination, has failed to offer any evidence that would show non-Hispanics, similarly situated, were treated differently.
 
 
 11
 We have reviewed the record on appeal and can discern no error. The judgment of the District Court is AFFIRMED for substantially the same reason set forth in the Memorandum and Order dated April 28, 1992, a copy of which is attached.
 
 ATTACHMENT
 
 12
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
 
 
 13
 Irene Pacheco, Plaintiff,
 
 
 14
 vs.
 
 
 15
 State of Kansas Social Rehabilitation Services, Carol
 
 
 16
 Rittmayer, and Peggy Wolfe, Defendants.
 
 Civil Action No. 90-2283-V
 
 17
 April 28, 1992.
 
 MEMORANDUM AND ORDER
 
 18
 This case is before the court on the motion (Doc. 52) of defendants State of Kansas Social Rehabilitation Services (SRS), Carol Rittmayer, and Peggy Wolfe for summary judgment pursuant to Fed.R.Civ.P. 56(b). Plaintiff Irene Pacheco, proceeding pro se, opposes (Doc. 54) the motion. For the reasons stated below, the motion is granted.
 
 
 19
 In this employment discrimination action, plaintiff claims that she was discriminated against in the terms, conditions, and privileges of her employment, harassed, and constructively discharged because of her national origin (Hispanic) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In their motion for summary judgment, defendants contend that they are entitled to judgment as a matter of law on plaintiff's claims.
 
 
 20
 A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id.
 
 
 21
 The uncontroverted facts of the case appear as follows. Plaintiff was employed by defendant SRS from December, 1985, until July 28, 1989, as an Office Assistant II. Plaintiff's job duties, among others, included acting as receptionist, answering telephones, filing, typing, and preparing case files. At the time that plaintiff left her employment, defendants Rittmayer and Wolfe were her immediate supervisors.
 
 
 22
 During plaintiff's tenure with defendant SRS, it was the agency's practice to evaluate its employees annually. For the ratings period of June 9, 1988, through June 8, 1989, defendant Rittmayer evaluated plaintiff's performance as "unsatisfactory." Defendant Wolfe reviewed the evaluation and approved it. Although plaintiff had received substandard evaluations in the past, she elected to appeal the evaluation in question on the ground that it was unjust. On July 19, 1989, a three person committee heard plaintiff's appeal. On July 27, 1989, that committee affirmed the unsatisfactory evaluation on the basis that plaintiff had not followed state policy governing the use of SRS computers.
 
 
 23
 On July 20, 1989, after her appeal was heard, but before the committee reached its decision, plaintiff tendered her resignation to defendant SRS. In her letter of resignation, plaintiff stated that she had accepted a position at the University of Kansas Medical Center. Plaintiff had been hired by the Medical Center as an Office Assistant III. The new position provided plaintiff with more responsibility and an increase in salary. Her letter also informed defendant SRS that her last day of work would be June 28, 1989.
 
 
 24
 On November 23, 1989, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) against defendants, charging that "[s]he was harassed by management in that [she] was given difficult work assignments, [she] was required to submit a doctor's statement after one day's absence, and [she] received an unjust rating." Within ninety days of receiving her notice of the right to sue from the EEOC, plaintiff instituted this action, alleging that she was discriminated against in the terms, conditions, and privileges of employment, harassed, and constructively discharged because she is Hispanic in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
 
 
 25
 Defendants contend that they are entitled to judgment as a matter of law on plaintiff's discrimination claim on the ground that she cannot establish a prima facie case of discrimination. Defendants also contend that they have articulated legitimate, nondiscriminatory reasons for their conduct which were not pretexts for discrimination. Defendants further contend that the uncontroverted facts show that they are entitled to judgment as a matter of law on plaintiff's harassment and constructive discharge claims. The court will address each of the contentions in light of plaintiff's claims as established by the Pretrial Order.
 
 
 26
 Under Title VII it is an unlawful employment practice for an employer to discriminate against any individual with respect to his or her "compensation, terms, conditions, or privileges of employment, because of such individual's ... national origin." 42 U.S.C. § 2000e-2(a)(1). The allocation, burden, and order of proof in disparate treatment claims under Title VII were established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and later refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981):
 
 
 27
 First, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds ..., the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for [its conduct]." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate, nondiscriminatory reasons offered by the defendant were not [its] true reasons, but were pretexts for discrimination.
 
 
 28
 Id. at 242-253 (citations omitted). Despite the framework of shifting burdens, the ultimate burden of proof resides at all times with the plaintiff. Id. at 253.
 
 
 29
 To establish a prima facie case of discrimination under 42 U.S.C. § 2000e-2(a)(1), plaintiff must show: (1) that she is a member of a protected class of persons; (2) that she satisfactorily performed her job; (3) that she was disciplined or discharged from her job despite her satisfactory performance; and (4) that similarly situated non-Hispanics were treated differently. See McDonnell Douglas Corp., 411 U.S. at 802; also McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1260 (10th Cir.1988).
 
 
 30
 Based on the record before it, the court concludes that plaintiff has failed to establish a prima facie case of intentional discrimination on the basis of her national origin. Although plaintiff claims that she was the victim of disparate treatment because she is Hispanic in that she was given unfavorable work assignments, given a poor evaluation, demoted, had equipment taken from her, and made to give a doctor's statement to support an absence, she has failed to establish that similarly situated non-Hispanic employees were treated differently than she. Moreover, the court concludes that even if a prima facie case can be found defendants have articulated legitimate, nondiscriminatory reasons for their conduct, which plaintiff has failed to show were pretexts for illegal discrimination. Accordingly, defendants are entitled to summary judgment on plaintiff's disparate treatment claims.
 
 
 31
 Plaintiff also claims that she was the victim of harassment in the workplace because she is Hispanic. To show that she worked in a discriminatory or hostile environment, plaintiff must prove "more than accidental or sporadic incidents of discrimination; she must show that the discrimination was the company's standard operating procedure--the regular than the unusual practice." Payne v. General Motors Corp., 731 F.Supp. 1465, 1472 (D.Kan.1990) (quoting Pitre v. W. Elec. Co., Inc., 843 F.2d 1262, 1267 (10th Cir.1988)). There must be a "steady barrage" of opprobrious comment or conduct aimed at plaintiff because of her national origin. See Johnson v. Bunny Bread Co., 646 F.2d 1250, 1257 (8th Cir.1981).
 
 
 32
 While plaintiff alleges that she was harassed by her supervisors because she is Hispanic, she has proffered nothing in the record to support a finding that she was the victim of ongoing mistreatment because of her national origin. Even if mistreated in the ways that she alleges, plaintiff has failed to produce materials from which a reasonable person could infer that her supervisors mistreated her because of her national origin. Plaintiff's conclusory allegation that she was mistreated based on her national origin is insufficient to withstand defendants' motion for summary judgment. Accordingly, the court concludes that defendants are entitled to summary judgment on plaintiff's claim for harassment.
 
 
 33
 Plaintiff also claims that she was forced to resign her position with defendant SRS because she is Hispanic. To prevail on this claim, plaintiff must show that she was constructively discharged. "A finding of constructive discharge depends upon whether a reasonable [person] would view the working conditions as intolerable, not upon the subjective view of the employee-claimant." Derr v. Gulf Oil Corp., 796 F.2d 340, 343 (10th Cir.1986) (quoting Irving v. Dubuque Packing Co., 689 F.2d 170, 172 (10th Cir.1982)). The court concludes that nothing in the record supports a finding that a reasonable person could infer that the working environment at the SRS was intolerable to the point that plaintiff was constructively discharged. Defendants are entitled to summary judgment on plaintiff's claim for constructive discharge.
 
 
 34
 In sum, the court concludes from the record before it that plaintiff has failed to show that a reasonable person could infer that she was the victim of disparate treatment, harassment, or constructively discharged because of her national origin. While plaintiff may have complaints about her treatment as an employee of defendant SRS, absent a showing that that treatment was on account of her national origin her complaints are not remediable under Title VII.
 
 
 35
 IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 52) is granted. The case is hereby dismissed.
 
 
 36
 Copies of this Memorandum and Order shall be mailed to counsel of record for the parties.
 
 
 37
 IT IS SO ORDERED.
 
 
 38
 ----------------G.T. Van Bebber
 
 
 39
 ----------------G.T. VAN BEBBER
 
 
 40
 ----------------United States District Judge
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3